## P. B. O'DANIEL *v.* JOHN D. FLANNIGAN.

### Depositions—Deposition in Another Cause—Admissibility.

It is error to allow the deposition of the witness, taken in another cause, to be read in evidence, although the deposition was referred to by the witness and made a part of his deposition in the pending cause, where it related to a different transaction and was calculated to confuse and mislead the jury.

### Insane Persons—Presumption—Proof.

Insanity can not be presumed of a person who has never been judicially declared insane, but must be established by affirmative proof.

**Insane Persons—Right to Sue For.**

No one has a right to institute or prosecute a suit for an insane person, until such person has been judicially declared insane or of unsound mind, and a mere suggestion of insanity and an order of the court that a certain attorney prosecute the suit as next friend of plaintiff is not sufficient.

APPEAL FROM MARION CIRCUIT COURT.

January 12, 1873.

OPINION BY JUDGE LINDSAY:

The notice to take the deposition of P. B. O'Daniel was sufficiently explicit as to the time it was to be taken. The fact that the witness was in the control of the land under the charge of forging the names of these appellants to the note sued on may affect his credibility, but does not render him an incompetent witness. The exceptions to this deposition were, therefore, properly overruled. It was error, however, to allow the deposition given by the same witness in the suit of *Appellee v. Sheriff and others* to be read as evidence on the trial of this cause, although it was referred to by the witness and made part of his deposition in this cause. The evidence thus brought before the jury related to an entirely different transaction from that being litigated, and was not only irrelevant, but calculated to confuse and mislead the jury.

We are also of opinion that it was error upon the part of the court to refuse to permit appellants to testify.

Section 58 of the Civil Code of Practice provides that "The action of a person judicially found to be of unsound mind must be brought by his committee, or if he has none, by his next friend."

And Section 62 authorizes the committee of a person judicially found to be a lunatic pending an action to be joined with him as a plaintiff.

We are aware of no provision of law authorizing courts to assume that a person once sane has become a lunatic until such fact has been judicially ascertained. It is true that where frauds have been practiced upon such persons, or unconscientious bargains driven with them, the question of sanity may be collaterally inquired into in order to give them proper relief, but no person has the right to institute or prosecute suits for them until they have been judicially found to be of unsound mind. In this case, after the institution of

the action upon the suggestion of the attorney that his client had become insane, it was ordered that it be prosecuted by W. D. Flannigan, his next friend. It is not pretended that there had been any judicial finding as to the sanity of appellee, and there is nothing in the record showing that he is insane, except the statements of one or two of the witnesses made upon the trial of the issues of *non est factum*.

As W. D. Flannigan would not have been allowed to sue for appellee upon his mere suggestion of his insanity, neither could the court, after the suit had been commenced, allow him to come in and undertake its prosecution.

Upon each suggestion we are of opinion that the order allowing him to do so was unauthorized and void, and that the action as matter of law progressed just as though no such order had been made.

W. D. Flannigan was neither the committee nor next friend of a lunatic, nor was there any competent evidence before the court showing that the real plaintiff was a person of unsound mind, consequently the exceptions contained in Sec. 4 of the act of January 30, 1872, did not preclude the appellants from exercising the right to testify in their own behalf under Section 1 of the same act.

It is proper to say, however, that we are of opinion that the exceptions set out in Section 4 apply as well in a suit in which the witnesses of an idiot or lunatic are being produced or represented by a next friend, as when by a committee.

For the reasons indicated the judgment is reversed. The cause is remanded for a new trial upon principles consistent with this opinion. Upon its return, if it shall be made to appear to the court that appellee has been found to be a lunatic by a proper judicial proceeding, his committee or next friend should be allowed to make himself a party to this proceeding, as provided for in Section 62, Civil Code of Practice.

*Lindsay, Russell,* for *appellant.*

*Thomas, Harrison & Knott,* for *appellees.*